UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
)
TERRY SWACK, Individually and on Behalf )
of All Others Similarly Situated, )
)
Plaintiff, )
) No. 02-CV-11943 DPW
)
- against - )
)
CREDIT SUISSE FIRST BOSTON and )
MARK WOLFENBERGER, )
)
Defendants. )
)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' REQUEST FOR EXPEDITED HEARING AND
DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO
STRIKE THE AFFIDAVIT OF R. ALAN MILLER OR IN THE ALTERNATIVE
FOR EXPEDITED DISCOVERY AND LEAVE TO FILE A SURREPLY**

March 11, 2005

**PRELIMINARY STATEMENT**

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure and Local Rule 1.3, Defendants Credit Suisse First Boston LLC ("CSFB") and Mark Wolfenberger move to strike the Affidavit of R. Alan Miller ("Miller Affidavit"), Lead Plaintiff's financial expert, and its supporting exhibits. The Miller Affidavit, which includes new legal arguments and substantive new factual materials, was filed with Lead Plaintiff's Reply Memorandum in Support of Her Motion for Class Certification ("Reply"), in violation of the Scheduling Order this Court entered on November 1, 2004 (the "Scheduling Order").[1]

In the alternative, Defendants move for an order directing Lead Plaintiff to make Mr. Miller available for deposition on an expedited basis and for leave to file a surreply to address the new issues raised by Lead Plaintiff's Reply. In addition, as set forth below, Defendants seek their reasonable expenses incurred as a result of Lead Plaintiff's improper filing.

**ARGUMENT**

**I.   THE MILLER AFFIDAVIT SHOULD BE STRICKEN BECAUSE IT WAS FILED IN VIOLATION OF THE COURT'S SCHEDULING ORDER**

By waiting until she filed her Reply to submit the Miller Affidavit, Lead Plaintiff Terry Swack violated an express order of this Court and significantly prejudiced Defendants. Defendants respectfully submit that excluding the Miller Affidavit and its supporting exhibits is the appropriate remedy.

---

[1] The Scheduling Order is attached as Exhibit A to the Affidavit of Lawrence Portnoy submitted concurrently with this motion.

The Scheduling Order this Court entered on November 1, 2004 pursuant to Rule 16(b) and Local Rule 16.1(f) sets forth a specific procedure that Lead Plaintiff had to follow in submitting expert reports in support of her Motion for Class Certification ("Certification Motion"). Paragraph 2 of the Scheduling Order required Lead Plaintiff to "file her motion for class certification <u>and all papers in support thereof, including expert reports</u>, by December 20, 2004." (Scheduling Order ¶ 2 (emphasis added).) The Scheduling Order further provided that "any requests for modification [of this Order] must be presented to the judge," and that such requests would "only be granted for good cause shown supported by affidavits [or] other evidentiary materials . . . ." (<u>Id.</u>, unnumbered ¶.) In violation of these explicit directives, Lead Plaintiff did not file her expert report at the same time that she filed her Certification Motion. Instead, without making any request to the Court or offering any explanation, much less "good cause," Lead Plaintiff filed the Miller Affidavit and its supporting exhibits together with her Reply on March 6, 2005 – after Defendants had already submitted their opposition to the Certification Motion. Defendants have thus had no opportunity to depose Mr. Miller concerning his conclusions, nor can Defendants now respond to the new, albeit baseless, arguments Lead Plaintiff makes in her Reply in reliance on those conclusions. Furthermore, Lead Plaintiff can make no claim that she had insufficient time to procure the Miller Affidavit before her Certification Motion was due, because Lead Plaintiff actually received additional time in which to file that motion.[2]

---

[2] On December 17, 2004, three days before the Certification Motion's original due date, Lead Plaintiff requested a ten-day extension, to which Defendants readily assented and which this Court granted. At any time prior to the filing of her Certification Motion, including the extra ten days, Lead Plaintiff could have obtained an expert report to support her Certification Motion.

Under these circumstances, exclusion of the Miller Affidavit and its supporting materials is a necessary and appropriate remedy. As the First Circuit has explained, "litigants have an unflagging duty to comply with clearly communicated case-management orders," and "a litigant who ignores a case-management deadline does so at his peril." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (affirming refusal to consider summary judgment motions raised out of time as sanction for violation of scheduling order). This is because under Rule 16(f), "'all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation.'" See Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1242 (1st Cir. 1991) (Woodlock, J.) (quoting Bareto v. CitiBank, N.A., 907 F.2d 15, 16 (1st Cir. 1990)). Rule 16(f) provides that "[i]f a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative may make such orders as are just . . . ." Fed. R. Civ. P. 16(f). The sanctions authorized by this rule specifically incorporate those available under Rule 37(b), including "[a]n order refusing to allow the disobedient party to support . . . designated claims or defenses . . . ." Fed. R. Civ. P. 37(b)(2)(B).

Rule 16(f)'s sanctions are particularly appropriate where, as here, a violation of a case management order involves the untimely submission of expert reports. Thus, "[w]here a party fails to comply with th[e] timetable [set by the court], the District Court has strict authority to impose a condign sanction (including the authority to preclude late-disclosed expert testimony)." Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003). In Macaulay, the First Circuit affirmed this Court's exclusion of a supplemental expert report submitted more than a month after the deadline had passed for five reasons equally

3

applicable here.  First, the plaintiff "had ample time . . . to submit her expert reports within the period allotted by the district court."  Id. at 51-52.  Second, the expert report raised a new theory that, while peripherally addressed in the complaint, had not been pursued over the course of the case.  Id.  Third, the new theory "was not based on any newly discovered evidence . . . ."  Id.  Fourth, the plaintiff did "not advance[] any justification for [the theory's] tardy emergence."  Id.  And finally, had this Court "allowed the late submission," it either would have had to choose between forcing "the defense to trial without appropriate preparation" or postponing the trial date.  Id.

Similarly here, Lead Plaintiff submitted the Miller Affidavit with her Reply over two months after the Certification Motion was due and without any explanation for her noncompliance with the Scheduling Order.[3]  Like the Macaulay expert report, the Miller Affidavit is not based on any evidence discovered after the Certification Motion was filed, yet it raises new issues not previously argued in the Certification Motion.[4]  Thus, just as in Macaulay, a failure to exclude the Miller Affidavit could force the Court either to delay decision on the Certification Motion, or else, to place "an untenable burden" on

---

[3] Indeed, Lead Plaintiff does not contend that she has uncovered any new information that was necessary for the Miller Affidavit since filing her boilerplate Certification Motion in December 2004.  To the contrary, in her Reply, Lead Plaintiff repeatedly reiterates that discovery in this case has only just begun, and that she has not yet had a chance to develop new facts. (See Reply at 15 & n.10, 16, 25.)  Moreover, Lead Plaintiff largely bears responsibility for the failure of the discovery process to advance beyond the nascent stage, considering that she did not serve her Local Rule 26.1(B) initial disclosure statement until January 4, 2005 – almost two months late, two weeks after the Certification Motion was originally scheduled to be filed, and four days after it was, in fact, filed.  Even then, Mr. Miller was still not identified by Lead Plaintiff in her Local Rule 26.1(B) statement.

[4] Lead Plaintiff also has no claim that her untimely submission of the Miller Affidavit was justified by anything in Defendants' Opposition, since Defendants did not file any expert report with their Opposition.  Moreover, Lead Plaintiff could hardly have been surprised by the loss causation arguments raised by Defendants in their Opposition, considering that these same arguments were raised by Defendants in the motion to dismiss and that this Court expressed concerns regarding Lead Plaintiff's ability to establish fraud-on-the-market reliance in its September 21, 2004 opinion.

Defendants by denying them the opportunity to respond to Mr. Miller's dubious conclusions.

Additionally, in filing the Miller Affidavit with her Reply rather than with the Certification Motion, Lead Plaintiff violated Local Rule 7.1(b)(1), which, like Federal Rule 6(d), provides that "[a]ffidavits . . . setting forth or evidencing facts on which the motion is based shall be filed with the motion."  In Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 409 (1st Cir. 1985), the First Circuit reversed a district judge's refusal to exclude papers, including an expert's affidavit, that were not served with the defendants' motion for summary judgment, but were instead served with their reply brief.  Not only did the defendants "fail[] to show cause for not serving the affidavits with their motion," but the untimely filing prejudiced the nonmoving party. The same is true here.

## II. IN THE ALTERNATIVE, DEFENDANTS SHOULD BE GRANTED LEAVE TO CONDUCT EXPEDITED DISCOVERY AND FILE A SURREPLY

In the alternative, Defendants seek leave pursuant to Local Rule 7.1(b)(3) to file a surreply memorandum in further opposition to the Certification Motion.  To permit briefing on class certification to be concluded in advance of the Court's scheduled April 13, 2005 status conference which will address, among other things, Lead Plaintiff's motion for class certification, Defendants also seek an order requiring Mr. Miller to be made available on an expedited basis for Defendants to depose, should Defendants choose to do so.  See CIA Petrolera Caribe, Inc., 754 F.2d at 410 (concluding that because moving party had filed reply brief with new arguments and with "untimely filed

affidavits," the "district court therefore had two choices … :  it could strike the brief or grant … the nonmoving party the opportunity to respond to it").

### III. DEFENDANTS ARE ENTITLED TO REASONABLE COSTS INCURRED AS A RESULT OF LEAD PLAINTIFF'S NONCOMPLIANCE WITH THE SCHEDULING ORDER

However else the Court decides to remedy Lead Plaintiff's conduct, Defendants are entitled to be reimbursed for reasonable costs occasioned by Lead Plaintiff's failure to comply with the Scheduling Order.  Under Rule 16(f), "[i]n lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees . . . ."  Fed. R. Civ. P. 16(f) (emphasis added); see also Chambers v. Nasco, Inc., 501 U.S. 32, 42 n.8 (1991) (citing Rule 16(f) as an example where "the court must award fees," as opposed to rules where assessing fees is "one of a range of possible sanctions").

Even where other sanctions are not imposed by the Court, failure to comply with case management orders "should be sanctioned to compensate both the court and the opposing party for harm caused."  Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1078 (1st Cir. 1990).  Lead Plaintiff must therefore be required to pay the reasonable expenses, including attorney's fees, incurred by Defendants as a result of Lead Plaintiff's noncompliance with the Court's Scheduling Order.  These reasonable expenses include the costs and expenses, including attorney's fees, incurred by Defendants in filing

6

the current motion and, if necessary, in deposing Mr. Miller and filing a surreply memorandum.[5]

## REQUEST FOR EXPEDITED HEARING

Defendants respectfully request that the Court hear this matter on an expedited basis in order to permit briefing on class certification to be concluded in advance of the Court's scheduled April 13, 2005 status conference which will address, among other things, Lead Plaintiff's motion for class certification – a conference date scheduled over four months ago. Defendants propose that Lead Plaintiff be required to respond to Defendants' Motion to Strike by March 16, 2005 and that Defendants be permitted to reply by March 17, 2005. Expedited briefing on Defendants' Motion to Strike is required because, in the event the Court denies the motion and grants Defendants leave to file a surreply memorandum, Defendants would need time to depose Mr. Miller, if necessary, and to file their surreply. If leave is granted, Defendants intend to file their surreply sufficiently in advance of the scheduled April 13, 2005 status conference so that the Court will have time to digest both parties' arguments on the matters that were raised for the first time in Lead Plaintiff's Reply.

---

[5] See, e.g., Burton v. R.J. Reynolds Tobacco Comp, No. 94-2202-JWL, 2002 WL 1998243, at *1 (D. Kan. Aug. 16, 2002) (ordering, pursuant to Rule 16(f), "plaintiff's counsel to pay attorney fees for preparing the motion to strike [the supplemental disclosures by plaintiff's experts] and for taking a brief supplemental deposition of plaintiff's experts"); Akeva LLC v. Mizuno Corp., 212 F.R.D. 306, 312 (M.D.N.C. 2002) (requiring plaintiff under Rule 16(f) to pay expenses of expert deposition as well as defendant's motions to exclude where expert report was untimely filed); Daugherty v. Fruehauf Trailer Corp., 146 F.R.D. 129, 131 (E.D. Pa. 1993) (requiring plaintiff to make experts who were untimely disclosed "available to defendant at the defendant's convenience as soon as practicable;" pay all expenses involved in deposing the experts; and "pay the attorney's fees and costs involved in obtaining this order").

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court grant Defendants' Request for Expedited Hearing and grant Defendants' Motion to Strike.

Dated:  Boston, Massachusetts
          March 11, 2005

                                                                SULLIVAN, WEINSTEIN &
                                                                McQUAY, P.C.

                                                        By:   /s/ Sandra Sue McQuay
                                                                Sandra Sue McQuay, BBO #340120
                                                                A. Lauren Carpenter, BBO #551258
                                                                Two Park Plaza, Suite 810
                                                                Boston, Massachusetts  02116
                                                                Telephone: (617) 348-4355
                                                                Facsimile: (617) 348-4343

                                                                Attorneys for Defendants

Lawrence Portnoy
Avi Gesser
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York  10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

Attorneys for Defendant Credit
Suisse First Boston LLC

Robert J. Cleary
Richard L. Spinogatti
PROSKAUER ROSE LLP
1585 Broadway
New York, New York  10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Attorneys for Defendant Mark
Wolfenberger

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party and by hand on Thomas G. Shapiro, Shapiro, Haber & Urmy LLP, 53 State Street, Boston, Massachusetts 02108.

/s/ A. Lauren Carpenter